IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-124-BO

| | |
|---|---|
| PATRICIA B. WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CAROLYN COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 18 & 24]. A hearing on this matter was held in Raleigh, North Carolina on January 30, 2014 at 2:45 p.m. For the reasons discussed below, plaintiff's motion is GRANTED, defendant's motion is DENIED, and, accordingly, the judgment of the Commissioner is REVERSED.

## BACKGROUND

Ms. Williams applied for Title II disability insurance benefits and Title XVI supplemental security income on January 25, 2005 alleging an onset date of March 10, 2003. Her claims were denied initially and upon reconsideration. She appeared with counsel for a hearing before an Administrative Law Judge ("ALJ") on January 19, 2006. The ALJ issued a decision finding plaintiff not disabled on December 19, 2007. The Appeals Council remanded the case on July 1, 2008 and, following a hearing, the ALJ issued another decision denying benefits on October 23, 2008. On June 23, 2011, the Appeals Council remanded the case a second time. Following a hearing, a new ALJ issued a decision finding plaintiff not disabled at step five on

August 7, 2012. The Appeals Council denied review on December 20, 2012, rendering the ALJ's decision the final decision of the Commissioner. Plaintiff then commenced this action and filed a complaint pursuant to 42 U.S.C. § 405(g).

## MEDICAL HISTORY

Ms. Williams has a history of treatment and injections for right knee pain. [Tr. 166–67]. In March 2003, plaintiff was advised to obtain a total right knee replacement. [Tr. 29, 162]. Dr. Appert opined that plaintiff could no longer work and plaintiff's employer would not let her work because she could not carry the load. [*Id.*]. The following month, Dr. Barsanti performed a right knee arthroscopy and partial meniscectomy. [Tr. 29, 246–49]. The surgery seemed to work initially, but in December 2003, plaintiff continued to complaint of right knee problems. [Tr. 229–30]. A right knee MRI revealed significant pathology and a total knee replacement ("TKR") was recommended. [Tr. 250–51, 332].

On March 4, 2004, plaintiff underwent right TKR followed by a course of physical therapy. [Tr. 254–55, 258–60, 272–339]. For the rest of 2004, plaintiff had follow-up exams where no problems were noted and the knee was assessed as doing pretty well by Dr. Barsanti. [Tr. 326–29, 340–42, 378].

In April 2005, plaintiff attended a consultative examination with Dr. Morris. [Tr. 413–19]. Plaintiff complained of right knee pain and reported that she frequently used a cane prescribed after her surgery, cooked, washed dishes, and performed household chores. [*Id.*]. Dr. Morris noted that she ambulated with a slight right-sided limp without the cane and, with the cane, she ambulated slowly, but effectively. [*Id.*]. She was unable to heel/toe, squat, kneel, or crawl; right knee flexion was 90 degrees, left was 150 degrees and she could fully extend her left knee; she had negative straight leg raising, normal motor strength, sensory, neurological

2

findings, and deep tendon reflexes. [*Id.*]. Dr. Morris opined that plaintiff could stand or walk 2/8 hours, sit for 4/8 with more frequent 10-15 minute breaks every hour, lift/carry 10 pounds, and had frequent postural limitations. [*Id.*]. He thought an assistive device would be helpful for long distances and uneven terrain, that her right knee would improve post surgery, that her left knee would benefit from treatment, and that she would have significant improvement with weight loss. [*Id.*].

In November 2005, Ms. Williams was diagnosed with moderate major depression and anxiety disorder panic attacks. [Tr. 401–06]. In November 2005, she also underwent a second consultative exam with Dr. Morris. [Tr. 407–12]. He had the same finding as before with a restriction to working at heights and the opinion that she could benefit from future surgery. [*Id.*]. Plaintiff's condition remained generally unchanged up until the current time.

## DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the district court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984)(quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

In making a disability determination, the ALJ engages in a five-step evaluation process. 20 C.F.R. § 404.1520; *see Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). The analysis requires the ALJ to consider the following enumerated factors sequentially. At step one, if the

3

claimant is currently engaged in substantial gainful activity, the claim is denied. At step two, the claim is denied if the claimant does not have a severe impairment or combination of impairments significantly limiting him or her from performing basic work activities. At step three, the claimant's impairment is compared to those in the Listing of Impairments. *See* 20 C.F.R. Part 404, Subpart P, App. 1. If the impairment is listed in the Listing of Impairments or if it is equivalent to a listed impairment, disability is conclusively presumed. However, if the claimant's impairment does not meet or equal a listed impairment then, at step four, the claimant's residual functional capacity ("RFC") is assessed to determine whether plaintiff can perform his past work despite his impairments. If the claimant cannot perform past relevant work, the analysis moves on to step five: establishing whether the claimant, based on his age, work experience, and RFC can perform other substantial gainful work. The burden of proof is on the claimant for the first four steps of this inquiry, but shifts to the Commissioner at the fifth step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995).

Here, the ALJ erred at step four of the sequential evaluation process. The ALJ's finding that plaintiff's RFC is light is not supported by substantial evidence. Rather a review of the record shows that the proper RFC for plaintiff is less than sedentary.

The Appeals Counsel remanded this case for further proceedings twice because the first ALJ failed to consider and weigh the opinion of Dr. Morris. [Tr. 571, 703]. The second ALJ then considered Dr. Morris's opinion but did not cite persuasive reasons for refusing to give it significant weight. Dr. Morris's opinion is due significant weight. Dr. Morris performed two comprehensive examinations of Ms. Williams. After his first examination he concluded that she could stand or walk for 2 hours in an 8 hour work day and that she could sit for 4 hours in an 8 hour work day with frequent breaks consisting of 10-15 minutes every hour. [Tr. 417–18]. He

4

reiterated that opinion after the second examination. [Tr. 412]. Dr. Morris's opinion is supported by his examinations, and the ALJ's reasons for dismissing his opinion are not supported by the record.

The ALJ found that Dr. Morris's opinion is inconsistent with Ms. Williams's daily activities which include cooking, cleaning, and attending church. [Tr. 33]. However, the ALJ failed to note that Ms. Williams is unable to cook full meals, is only capable of cleaning with breaks, only completes one room of cleaning daily, her family is required to assist with her chores and with her bathing, she does not attend church regularly, rarely drives, and only shops for groceries once a month. [Tr. 152, 408, 756–60]. "[T]he ability to do activities such as light housework and visiting with friends provides little or no support for the finding that a claimant can perform full-rime competitive work." *Hogg v. Shalala*, 45 F.3d 276, 278 (8th Cir. 1995).

The ALJ also noted that Dr. Morris's opinion should be given little weight because Ms. Williams's right knee improved after her second surgery, making Dr. Morris's opinion inconsistent with the other evidence of record. [Tr. 33]. However, both of Dr. Morris's examinations were conducted after she had already undergone her second surgery. [Tr. 254–55, 409, 413]. The argument that her second surgery somehow nullifies Dr. Morris's opinion fails.

Further, outside of the ALJ's flawed analysis of Dr. Morris's opinion, the ALJ's RFC finding lacks support from the record. The other opinions in the record are in line with Dr. Morris's opinion. Dr. Barsanti restricted plaintiff to the performance of sedentary work. [Tr. 332]. Ms. Williams was approved for Medicaid for the Disabled due to her combined impairments rendering her incapable of work at any exertional level. [Tr. 118]. Dr. Warren found Ms. Williams capable of no more than sedentary work. [Tr. 421–28]. The ALJ either does not

5

Case 5:13-cv-00124-BO   Document 30   Filed 02/19/14   Page 5 of 7

explain why her RFC finding contradicts these opinions, or does not even mention them. [Tr. 34].

Giving the proper weight to Dr. Morris's opinion, and the supporting evidence in the record which is substantial, the proper RFC for plaintiff is less than sedentary. This RFC was effective during plaintiff's period of insurance and carries through to her SSI claim. Ms. Williams is not capable of sedentary work as her combined ability to sit, stand, and walk does not add up to eight hours per day. 20 C.F.R. § 404.1567. Accordingly Ms. Williams is disabled as of her onset date. 20 C.F.R. § 404, Subpt. P, App. 2 § 201.00(h)(3).

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one which "lies within the sound discretion of the district court." *Edwards v, Bowen*, 672 F.Supp. 230, 236 (E.D.N.C. 1987). Reversal without remand is appropriate where, as here, the record does not contain substantial evidence to support a decision denying disability, and reopening the record for more evidence would serve no purpose. *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987). Ms. Williams's case has been pending for over nine years. There have already been three (3) hearings at the administrative level in this case. Opening the record for more evidence at this point in the proceedings would serve no purpose. Accordingly the Court reverses the decision of the Commissioner and remands to the agency for an award of benefits.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for judgment on the pleadings is GRANTED, and the decision of the Commissioner is REVERSED. Accordingly, this case is REMANDED for an award of benefits consistent with this Order.

SO ORDERED.

This 15 day of February, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE